IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRANDON BUELOW, | CIVIL ACTION |
| *Plaintiff,* | |
| v. | NO. 17-cv-4288 |
| PLAZA MOTORS OF BROOKLYN, INC. D/B/A PLAZA HONDA and AMERICAN HONDA FINANCE CORPORATION, | |
| *Defendant.* | |

## DEFENDANT AMERICAN HONDA FINANCE CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant American Honda Finance Corporation respectfully requests that this Court enter an order dismissing Plaintiff's Complaint. This motion should be granted for the reasons set forth in the accompanying Memorandum of Law in Support of Defendant American Honda Finance Corporation's Motion to Dismiss.

Respectfully submitted:

**LAVIN, O'NEIL, CEDRONE & DISIPIO**

BY: _____
Leona C. McFadden
Suite 500
190 North Independence Mall West
6th & Race Streets
Philadelphia, PA 19106
(215) 627-0303
(215) 627-2551 (facsimile)

*Attorneys for Defendant*
*American Honda Finance Corporation*

Dated: August 14, 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRANDON BUELOW,<br><br>    *Plaintiff,*<br><br>  v.<br><br>PLAZA MOTORS OF BROOKLYN, INC.<br>D/B/A PLAZA HONDA and<br>AMERICAN HONDA FINANCE<br>CORPORATION,<br><br>    *Defendant.* | CIVIL ACTION<br><br><br>NO. 17-cv-4288 |

**ORDER GRANTING AMERICAN HONDA FINANCE CORPORATION'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

AND NOW this _____ day of _____, 2017, upon consideration of the Motion to Dismiss Plaintiff's Complaint filed by American Honda Finance Corporation, and having also considered Plaintiff's Response, it is ORDERED that Plaintiff's Complaint is dismissed with prejudice against American Honda Finance Corporation.

                                       _____
                                                      J.

Date:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRANDON BUELOW, | CIVIL ACTION |
| *Plaintiff,* | |
| v. | NO. 17-cv-4288 |
| PLAZA MOTORS OF BROOKLYN, INC. D/B/A PLAZA HONDA and AMERICAN HONDA FINANCE CORPORATION, | |
| *Defendant.* | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT AMERICAN HONDA FINANCE CORPORATION'S MOTION TO DISMISS COMPLAINT

Defendant American Honda Finance Corporation ("AHFC") submits this memorandum in support of its Motion to Dismiss Plaintiff's Complaint.

### FACTUAL ALLEGATIONS

On November 21, 2015, Plaintiff Brandon Buelow entered into a Retail Installment Contract for the purchase of a 2016 Honda Pilot. *See* Complaint, para. 18, 21. Plaintiff alleges that various oral representations regarding the vehicle were made by the dealership, co-defendant Plaza Motors of Brooklyn, Inc. to plaintiff and his wife both before and during the purchase of the subject vehicle. *See* Complaint, para. 16, 20. Additionally, plaintiff alleges that several documents were executed by and between the plaintiff and co-defendant, Plaza Motors of Brooklyn, Inc. (hereinafter "Plaza") during the purchase of the vehicle. *See* Complaint, para. 25-32. Plaintiff sets forth no allegations that AHFC made any misrepresentations or omissions to plaintiff at any time or that AHFC was a party to any document executed or provided at the time of the purchase. *See* Complaint, generally.

AHFC does not sell vehicles to any consumers and, as such, was not involved in the presale negotiations or the actual sale of the subject vehicle to plaintiff.

Plaintiff failed to allege any cognizable claim against AHFC; he instead only pleaded allegations of misrepresentations and omissions made by co-defendant, <u>prior to any involvement by AHFC</u> in this matter. Thus, plaintiff makes no showing that he is entitled to relief against AHFC. Plaintiff instead makes a blanket assertion that AHFC is responsible to plaintiff in connection with the alleged misrepresentations or omissions of defendant dealer, Plaza, as a holder in due course of a note. *See* Complaint, para. 53. However, plaintiff fails to allege any assignment of any note, and fails to attach any document related to any note and/or loan obligation. Thus, the complaint as to AHFC is insufficient.

## STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). As the Supreme Court has explained, Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). The rules demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation," and must include enough facts to state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Twombly*, 550 U.S. at 555-56.

In *Ashcroft*, the Supreme Court set forth a two-part test for deciding motions to dismiss. First, the factual and legal elements of a claim should be separated; the court should assume the truth of well-pleaded facts but disregard legal conclusions, conclusory and unwarranted deductions, and unreasonable inferences. 556 U.S. at 677, 679; *see also Fowler v. UPMC*

*Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court must determine whether the facts in the complaint show that the plaintiff has a "plausible claim for relief." *Ashcroft*, 556 U.S. 679; *Fowler*, 578 F.3d at 211. "Plausibility" requires more than sheer possibility: "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief." *Ashcroft*, 556 U.S. at 678, (quoting *Twombly*, 550 U.S. at 557). A claim nudges across the plausibility line only when the "pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. However, "where the well-plead facts do not permit the court to infer more than mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. at 679.

In ruling on a motion to dismiss, courts "may consider documents attached to or submitted with the complaint, as well as legal arguments presented in memorandums or briefs and arguments of counsel." *Khalil v. Rohm & Haas Co.*, 2005 WL 3111791, at *2 (E.D. Pa. Nov. 18, 2005). A court may also consider documents "integral to or explicitly relied upon" in the complaint. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

## ARGUMENT

1. **Plaintiff's Complaint Should be Dismissed in its Entirety as AHFC is not Derivatively Liable as a Matter of Law for the Alleged Misconduct of Others**

First and foremost, plaintiff does not allege that any "contract" between plaintiff and dealer defendant, Plaza, was "assigned" to AHFC. *See* Complaint, generally. Rather, plaintiff merely alleges that "Honda Finance is the holder in due course of the note and/or loan obligation." *See* Complaint, para. 53. However, plaintiff does not attach a copy of any document including but not limited to the Retail Installment Contract which indicates any assignment. *See*

Complaint, generally. Therefore, the Complaint is devoid of any evidence that AHFC is a subsequent lienholder of the Retail Installment Contract or an "assignee." Thus, there are no facts alleged from which a cause of action can be found against AHFC.

For the purposes of this motion, AHFC acknowledges that the Retail Installment Contract (RISC) was assigned to AHFC from Defendant Plaza <u>following</u> the events and actions of Plaza described with detail in plaintiff's complaint. However, it is unclear from the allegations set forth in the complaint if (1) plaintiff is referring to the RISC or other documents, inasmuch as no documents are attached to the Complaint and (2) if plaintiff is referring to any other documents in support of his position that AHFC is some how liable to Plaintiff for the allegations of misrepresentations and/or omissions of Plaza. Plaintiff appears to assume, incorrectly, that an assignment (well after the factual events described in the complaint) gives rise to liability without asserting any basis in support of that position.

Not one of the Complaint's 152 paragraphs, upon which plaintiff bases his claims, sets forth any alleged acts, omissions, misconduct or misrepresentations attributable to AHFC. *See* Complaint, generally. Rather, plaintiff alleges that AHFC "is the holder in due course" of "the note and/or loan obligation" and that as such "is subject to all claims and defenses and Plaintiff may assert against the Dealer." *See* Complaint, para. 53. (Presumably plaintiff is referring to an assignment of the Retail Installment Contract, which is never actually alleged.) Setting aside the fact that any assignment of the Retail Installment Contract would have occurred well after the events at issue allegedly took place, without any legal basis, plaintiff reaches the legal conclusion that AHFC is a holder in due course and seemingly AHFC is liable to plaintiff as an assignee of the Retail Installment Contract. To reach this conclusion, it is assumed that plaintiff is relying upon the Federal Trade Commission (FTC) Holder Rule. However, the Holder Rule is specifically trumped by the Federal Truth in Lending Act (the "TILA") 15 U.S.C.A. 1601 to 1667.

The purpose of the TILA is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him." *See*

4

15 U.S.C.A. 1601(a). In 1980, following institution of the Holder Rule, the Truth in Lending Act was amended to specifically limit the liability of voluntary assignees to violations apparent on the face of the disclosure statement. *See* 15 U.S.C. §1641. Understandably, the concern addressed by Congress was the chilling effect on lending if lenders have to defend the kind of allegations Plaintiff alleges here because of the Holder Rule. Since the Holder Rule is an agency regulation, it "cannot trump the TILA's [statutory] assignee liability mandates." *Ramadan v. Chase Manhattan Corp.*, 229 F.3d 194 (3d Cir. 2000). An assignee is liable for a TILA violation "only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement." 15 U.S.C. § 1641(a); *Vincent v. The Money Store,* 736 F.3d 88, 107 (2d Cir.2013) (quoting *Taylor v. Quality Hyundai, Inc.,* 150 F.3d 689, 692 (7th Cir.1998)). As plaintiff does not allege that AHFC breached or violated any term of the Retail Installment Contract or that there is any direct misconduct by AHFC, plaintiff's claims must fail and his Complaint in its entirety should be dismissed against AHFC.

**2. In the Alternative, Plaintiff's Alleged Damages Against AHFC Are Not Proper.**

Even if this Honorable Court finds that plaintiff has sufficiently alleged a claim against AHFC, the damages pleaded by plaintiff are not proper. Plaintiff seeks damages including statutory, treble and/or punitive damages, damages for injuries suffered by plaintiff, declaratory judgment, three times actual damages up to $10,000, injunctive relief, attorney's fees and costs against AHFC. *See* Complaint, generally. However, Courts have almost uniformly held that recovery by consumers pursuant to the Holder Rule cannot exceed the total amount of money paid by the consumer under the contract *Lafferty v. Wells Fargo Bank*, 213 Cal. App. 4th 545, 561 (2013), *as modified on denial of reh'g* (Feb. 27, 2013). Plaintiff has set forth no allegation as to the payments made to AHFC. *See* Complaint, generally. Thus, plaintiff has set forth no basis for the damages alleged against AHFC and the Complaint should be dismissed.

5

## CONCLUSION

For the foregoing reasons, the Complaint fails to state a plausible claim and/or set forth an appropriate statement of damages. AHFC respectfully requests that this Court enter the proposed order and dismiss Plaintiff's Complaint with prejudice based upon a failure to set forth a statement upon which relief can be granted or in the alternative, dismiss plaintiff's claim based upon the failure to set forth a basis for damages alleged against AHFC.

Respectfully submitted:

**LAVIN, O'NEIL, CEDRONE & DISIPIO**

BY: _____
Leona C. McFadden
Suite 500
190 North Independence Mall West
6th & Race Streets
Philadelphia, PA 19106
(215) 627-0303
(215) 627-2551 (facsimile)

*Attorneys for Defendant*
*American Honda Finance Corporation*

Dated:   August 14, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2017, I caused the foregoing **Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and Supporting Brief** to be served on the following counsel of record:

> Daniel Schlanger, Esquire
> Kakalec &Schlanger, LLP
> 85 Broad Street, 18th Floor
> New York, NY 10004
> Attorney for Plaintiff

> LAVIN, O'NEIL, CEDRONE & DISIPIO
>
> BY: _____
> Leona C. McFadden, Esquire
> Suite 500
> 190 North Independence Mall West
> 6th & Race Streets
> Philadelphia, PA 19106
> (215) 627-0303
> (215) 627-2551 (facsimile)
> *Attorneys for Defendant,*
> *American Honda Finance Corporation*

Dated:   August 14, 2017