## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BRANDON BUELOW, | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| | : | |
| v. | : | NO. 17-cv-4288 |
| | : | |
| PLAZA MOTORS OF BROOKLYN, INC. D/B/A | : | |
| PLAZA HONDA and | : | |
| AMERICAN HONDA FINANCE CORPORATION, | : | |
| | : | |
| *Defendant.* | : | |

### DEFENDANT AMERICAN HONDA FINANCE CORPORATION'S
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant American Honda Finance Corporation respectfully requests that this Court enter an order dismissing Plaintiff's Complaint. This motion should be granted for the reasons set forth in the accompanying Memorandum of Law in Support of Defendant American Honda Finance Corporation's Motion to Dismiss.

Respectfully submitted,

**LAVIN, O'NEIL, CEDRONE & DISIPIO**

BY: _____
Leona C. McFadden
420 Lexington Avenue
Suite 335
New York, NY 10170
(212) 319-6898
(212) 319-6932 (facsimile)
*Attorneys for Defendant*
*American Honda Finance Corporation*

Dated:   November 7, 2017

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BRANDON BUELOW, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 17-cv-4288 |
| PLAZA MOTORS OF BROOKLYN, INC. D/B/A PLAZA HONDA and AMERICAN HONDA FINANCE CORPORATION, | : | |
| Defendant. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT AMERICAN HONDA FINANCE CORPORATION'S
## <u>MOTION TO DISMISS COMPLAINT</u>

Leona C. McFadden
420 Lexington Avenue
Suite 335
New York, NY  10170
(212) 319-6898
(212) 319-6932 (facsimile)
*Attorneys for Defendant*
*American Honda Finance Corporation*

Dated:     November 7, 2017

# Table of Contents

TABLE OF CONTENTS...................................................................................................i

TABLE OF AUTHORITIES...........................................................................................ii

MEMORANDUM OF LAW............................................................................................ 1

FACTUAL ALLEGATIONS............................................................................................ 1

STANDARD OF REVIEW..............................................................................................2

ARGUMENT....................................................................................................................4

    **I.** The complaint is devoid of any evidence that AHFC is a subsequent lienholder of the Retail Installment Contract or an "assignee"..................................................................4

    **II.** The Holder Rule does not Apply to Plaintiff's Express and Implied Warranty Claims and therefore Counts I-V of Plaintiff's Complaint should be Dismissed with Prejudice ..............................................................................................................................5

    **III.** AHFC is not liable to Plaintiff Under New Jersey's Consumer Fraud Act and therefore Count VII of Plaintiff's Complaint should be Dismissed with Prejudice..........7

        **A.** There Is No Derivative Liability Under New Jersey's Consumer Fraud Act ..............................................................................................................................7

        **B.** Even if Plaintiff's claims based upon the holder rule are not pre-empted by the TILA, Plaintiff's claims based on the New Jersey Consumer Fraud Act (CFA) would be precluded for the failure to allege any direct acts by AHFC itself ......................................................................................................................9

    **IV.** Plaintiff's Claims of Failure to Provide Notice of Repairs (New York General Business Law § 396-p) (Count VIII), Deceptive Consumer Practices (New York General Business Law § 349) (Count IX); False Advertising (New York General Business Law §350)(Count X); Fraud (Count XI) Should be Dismissed .....................11

    **V.** Plaintiff's Alleged Damages Against AHFC Are Not Proper and the Complaint Should Therefore be Dismissed ...................................................................................13

**CONCLUSION**.............................................................................................................14

## Table of Authorities

**CASES**

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...........................................................2,3

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................2,3

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) ...............................................3

*Khalil v. Rohm & Haas Co.*, 2005 WL 3111791 (E.D. Pa. Nov. 18, 2005).....................3

*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997) .......................3

*Shaw v. Digital Equip. Corp.*, 82 F.3d 1194 (1st Cir. 1996) ............................................3

*Gusse v. Damon Corp.*, 470 F.Supp.2d 1110 (C.D.Cal. 2007) .........................................5

*Cummins, Inc. v. Superior Ct.*, 36 Cal. App. 4th 478 (2005) ...........................................5

*Pierre v. Planet Automotive, Inc.*, 193 F.Supp.3d 157 (E.D.N.Y. 2016) ...................6,12

*Foster v. Celani*, 849 F.2d 91, 92 (2d Cir. 1988)..............................................................6

*Koenig v. Boulder Brands, Inc.*, 995 F.Supp.2d 274 (S.D.N.Y. 2014).............................6

*Donovan v. Aeolian*, 270 N.Y. 267 (1936)........................................................................7

*McGregor v. Dimou*, 422 N.Y.S.2d 806 (N.Y.Civ.Ct. 1979)............................................7

*Import Traders, Inc. v. Frederick Mfg. Corp.*, 457 N.Y.S.2d 742 (N.Y.Civ.Ct. 1983) ...7

*Psensky v. American Honda Finance Corp.*, 875 A.2d 290 (N.J. Super. App. Div 2005)
.............................................................................................................................8

*Jefferson Loan Co. v. Session*, 938 A.2d 169 (N.J. Super. App. Div. 2008) ..........8,10,11

*In re Emery*, 170 B.R. 777 (Bankr.E.D.N.Y. 1994) ........................................................9

*Ouaknine v. MacFarlane*, 897 F.2d 75 (2d Cir. 1990)......................................................9

*Di Vittorio v. Equidyne Extractive Industries, Inc.*, 822 F.2d 1242 (2d Cir. 1987) .........9

*Hoffman v. Hampshire Labs, Inc.*, 963 A.2d 849 (N.J. Super. App. Div. 2009)............10

*Bosland v. Warnock Dodge, Inc.*, 964 A.2d 741 (N.J. 2009).........................................10

*Ramadan v. Chase Manhattan Corp.*, 229 F.3d 194 (3d Cir. 2000)...........................11

*Vincent v. The Money Store*, 736 F.3d 88 (2d Cir.2013).................................................11

*Taylor v. Quality Hyundai, Inc.*, 150 F.3d 689 (7th Cir.1998) .....................................11

*Diaz v. Paragon Motors of Woodside, Inc.*, 424 F.Supp.2d 519 (E.D.N.Y. 2006).........12

*Ramirez v. National Co-op. Bank*, 938 N.Y.S.2d 280 (2011) .........................................12

*Alexiou v. Brad Benson Mitsubishi*, 127 F.Supp.2d 557 (D.N.J. 2000) ........................12

*Phillips v. Lithia Motors, Inc.*, 2006 WL 1113608 (D.Or. April 27, 2006) ...................12

*Pilgrim v. Metro Chrysler Plymouth Subaru*, 2005 WL 61454 (E.D.Pa. January 11, 2005) ...............................................................................................................................12

*Marshall v. Webb*, 2002 WL 1628448 (N.D.Ill. March 11, 2002) ...............................12

*Lafferty v. Wells Fargo Bank*, 213 Cal. App. 4th 545 (2013) .......................................13

**STATUTES**.................................................................................................................

Federal Rule of Civil Procedure 8(a) ..............................................................................2

15 U.S.C. § 2310(f) .........................................................................................................5

N.Y.U.C.C. § 2-313(1)(a) ...............................................................................................6

N.Y.U.C.C. 2-314(1) .......................................................................................................7

15 U.S.C.A. § 1601(a) ................................................................................................8,11

15 U.S.C.A. § 1641(a) ................................................................................................8,11

Federal Rule of Civil Procedure 9(b) .............................................................................9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRANDON BUELOW, | CIVIL ACTION |
| *Plaintiff,* | |
| v. | NO. 17-cv-4288 |
| PLAZA MOTORS OF BROOKLYN, INC. D/B/A PLAZA HONDA and AMERICAN HONDA FINANCE CORPORATION, | |
| *Defendant.* | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT AMERICAN HONDA FINANCE CORPORATION'S
## <u>MOTION TO DISMISS COMPLAINT</u>

Defendant American Honda Finance Corporation ("AHFC") submits this memorandum in support of its Motion to Dismiss Plaintiff's Complaint.

## <u>FACTUAL ALLEGATIONS</u>

On November 21, 2015, Plaintiff Brandon Buelow entered into a Retail Installment Contract for the purchase of a 2016 Honda Pilot. *See* Complaint, ¶¶ 18, 21. Plaintiff alleges that various oral representations regarding the vehicle were made by the dealership, co -defendant Plaza Motors of Brooklyn, Inc. to Plaintiff and his wife both before and during the purchase of the subject vehicle.  *See* Compl., ¶¶. 16, 20. Additionally, Plaintiff alleges that several documents were executed by and between the plaintiff and co-defendant, Plaza Motors of Brooklyn, Inc. (hereinafter "Plaza") during the purchase of the vehicle. *See* Compl.,¶¶ 25-32. Plaintiff sets forth <u>no</u> allegations that AHFC made any misrepresentations or omissions to

1

Plaintiff at any time or that AHFC was a party to any document executed or provided at the time of the purchase.  *See* Compl., generally.

The "facts" as stated in Plaintiff's Complaint as they relate to AHFC are limited to one paragraph, "Honda Finance is the holder in due course of the note and/or loan obligation created by Plaza's sale of the Vehicle to Plaintiff.  As a result, Honda Finance is subject to all claims and defenses and [sic] Plaintiff may assert against the Dealer."  *See* Compl., ¶ 53 AHFC does not sell vehicles to any consumers and, as such, was not involved in the presale negotiations or the actual sale of the subject vehicle to Plaintiff.

Plaintiff failed to allege any cognizable claim against AHFC; he instead only pleaded allegations of misrepresentations and omissions made by co-defendant, <u>prior to any involvement by AHFC</u> in this matter.  Thus, plaintiff makes no showing that he is entitled to relief against AHFC.  Plaintiff instead makes a blanket assertion that AHFC is responsible to plaintiff in connection with the alleged misrepresentations or omissions of defendant dealer, Plaza, as a holder in due course of a note. *See* Compl., ¶ 53. However, Plaintiff fails to allege any assignment of any note, and fails to attach any document related to any note and/or loan obligation.  The Complaint as to AHFC is insufficient.

## STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. Pro. 8(a). As the Supreme Court has explained, Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). The rules demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation," and must include enough facts to state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*,

556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Twombly*, 550 U.S. at 555-56.

In *Ashcroft*, the Supreme Court set forth a two-part test for deciding motions to dismiss. First, the factual and legal elements of a claim should be separated; the court should assume the truth of well-pleaded facts but disregard legal conclusions, conclusory and unwarranted deductions, and unreasonable inferences. 556 U.S. at 677, 679; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court must determine whether the facts in the complaint show that the Plaintiff has a "plausible claim for relief." *Ashcroft*, 556 U.S. 679; *Fowler*, 578 F.3d at 211. "Plausibility" requires more than sheer possibility: "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief." *Ashcroft*, 556 U.S. at 678, (quoting *Twombly*, 550 U.S. at 557). A claim nudges across the plausibility line only when the "pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. However, "where the well-plead facts do not permit the court to infer more than mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. at 679.

In ruling on a motion to dismiss, courts "may consider documents attached to or submitted with the complaint, as well as legal arguments presented in memorandums or briefs and arguments of counsel." *Khalil v. Rohm & Haas Co.*, 2005 WL 3111791, at *2 (E.D. Pa. Nov. 18, 2005). A court may also consider documents "integral to or explicitly relied upon" in the complaint. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

# ARGUMENT

I.   **The Complaint is devoid of any evidence that AHFC is a subsequent lienholder of the Retail Installment Contract or an "assignee."**

First and foremost, Plaintiff does not allege that any "contract" between Plaintiff and dealer defendant, Plaza, was "assigned" to AHFC. *See* Compl., generally. Rather, Plaintiff merely alleges that "Honda Finance is the holder in due course of the note and/or loan obligation." *See* Compl., ¶ 53.   However, Plaintiff does not attach a copy of any document including but not limited to the Retail Installment Contract which indicates any assignment. *See* Compl., generally. Therefore, the Complaint is devoid of any evidence that AHFC is a subsequent lienholder of the Retail Installment Contract or an "assignee."   Thus, there are no facts alleged from which a cause of action can be found against AHFC.

For the purposes of this motion, AHFC acknowledges that the Retail Installment Contract (RISC) was assigned to AHFC from Defendant Plaza <u>following</u> the events and actions of Plaza described with detail in Plaintiff's Complaint.  However, it is unclear from the allegations set forth in the complaint if (1) Plaintiff is referring to the RISC or other documents, inasmuch as no documents are attached to the Complaint and (2) if Plaintiff is referring to any other documents in support of his position that AHFC is somehow liable to Plaintiff for the allegations of misrepresentations and/or omissions of Plaza. None of the eleven counts of Plaintiff's Complaint contain allegations directed at AHFC.  Instead only acts and omissions of the dealer are pleaded. Not one of the Complaint's 152 paragraphs, upon which Plaintiff bases his claims, sets forth any alleged acts, omissions, misconduct or misrepresentations attributable to AHFC. *See* Compl., generally.  Rather, Plaintiff alleges that AHFC "is the holder in due course" of "the note and/or loan obligation" and that as such "is subject to all claims and defenses and Plaintiff may assert against the Dealer." *See* Compl., ¶ 53. (Presumably Plaintiff is referring to an assignment of the

Retail Installment Contract, which is never actually alleged.) Setting aside the fact that any assignment of the Retail Installment Contract would have occurred well after the events at issue allegedly took place, without any legal basis, Plaintiff reaches the legal conclusion that AHFC is a holder in due course and therefore AHFC is liable to Plaintiff as an assignee of the Retail Installment Contract.

**II.** **The Holder Rule does not Apply to Plaintiff's Express and Implied Warranty Claims and therefore Counts I-V of Plaintiff's Complaint should be Dismissed with Prejudice**

Plaintiff lists five separate counts relating to breach of express and implied warranty: California Song-Beverly Consumer Warranty Act (Count I) ; Magnuson-Moss Warranty Act – Express Warranty (Counts II); Breach of Express Warranty NY U.C.C. § 2-313 (Count III ); Magnuson-Moss Warranty Act – Implied Warranty (Count IV); and Breach of Implied Warranty of Merchantability N.Y.U.C.C. § 2-314 (Count V). *See* Compl., generally. These claims (hereinafter breach of warranty claims) fail as a matter of law.

Plaintiff's Complaint fails to state a cognizable claim under California's Song-Beverly Consumer Warranty Act. California law is clear that when the title passes outside of California, the Song-Beverly Act does not apply. *See Gusse v. Damon Corp.*, 470 F.Supp.2d 1110, 1113 (C.D.Cal. 2007). *See also Cummins, Inc. v. Superior Ct.*, 36 Cal. App. 4th 478, 484, 487 (2005) (holding that Song-Beverly Act did not apply to motor home sold in Idaho and subsequently brought into California). Plaintiff purchased the subject vehicle from Plaza, a dealership located in Brooklyn, New York and sets forth <u>no</u> allegations that title passed in California, stating only that Plaintiff sought to purchase the subject vehicle to "help facilitate their cross-country relocation" to California. *See* Compl., ¶¶ 10-11, generally.

Plaintiff's Complaint also fails to state a cognizable claim under the Magnuson-Moss Warranty Act (MMWA).  The plain text of the MMWA prohibits assignee liability where the assignee is not the person who created the written warranty. 15 U.S.C. § 2310(f) (providing that the MMWA may be enforced against "only the warrantor [who] actually ... created a written warranty ... and no other person"). *See Pierre v. Planet Automotive, Inc.*, 193 F.Supp.3d 157, 175 (E.D.N.Y. 2016).

The *Pierre* Court found that section 2310(f) of the MMWA trumps the Holder Rule and expressly prohibited the plaintiff from asserting her MMWA claim against an assignee who did not create the warranty at issue.  Further, the court found that based on the text of the MMWA and the general principle that a regulation cannot override the plain language of a statute, the MMWA prohibits assignee liability.  *Id. See also, e.g., Foster v. Celani*, 849 F.2d 91, 92 (2d Cir. 1988) (providing that regulations that contravene congressional intent cannot be upheld).

Likewise, in the present action, Plaintiff's claims pursuant to New York's Uniform Commercial Code ("N.Y.U.C.C") predicated upon alleged breach[es] of implied/express warranties fail.  Privity is an essential element of a cause of action for breach of express warranty. *Koenig v. Boulder Brands, Inc.*, 995 F.Supp.2d 274, 290 (S.D.N.Y. 2014). Plaintiff has pleaded allegations of misrepresentations and omissions made by co-defendant, prior to any involvement by AHFC in this matter.

Under the N.Y.U.C.C., "any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." N.Y.U.C.C. § 2-313(1)(a). If the evidence does not show such affirmation or promise in direct and express language, it

must, at least, show acts or words from which an intention to make such affirmation or promise can be inferred. *Donovan v. Aeolian*, 270 N.Y. 267, 271 (1936). Plaintiff has set forth no allegations that AHFC made any affirmation of fact or any promise to Plaintiff. Plaintiff instead makes a blanket assertion that AHFC is responsible to Plaintiff in connection with the alleged misrepresentations or omissions of defendant dealer, Plaza, as a holder in due course of a note. *See* Compl., ¶ 53.

Moreover, AHFC did not sell or otherwise introduce into the stream of commerce, any product that ever reached Plaintiff. Even assuming, *arguendo*, that AHFC sold or otherwise transferred the subject vehicle, AHFC is not a merchant with respect to such items because it is not in the business of selling such items. *See* N.Y.U.C.C. 2-314(1) ("Unless excluded or modified . . . a warranty that the goods shall be merchantable is implied in a contract for their sale *if the seller is a merchant with respect to goods of that kind*") (emphasis added). *See also McGregor v. Dimou*, 422 N.Y.S.2d 806, 809 (N.Y.Civ.Ct. 1979) (holding that where defendant was not and did not represent himself to be in the business of or was merely an isolated seller of cars, he was not a "merchant" within the meaning of the UCC and therefore, no warranty of merchantability was applicable to the sale of allegedly defective car); *Import Traders, Inc. v. Frederick Mfg. Corp.*, 457 N.Y.S.2d 742, 744 (N.Y.Civ.Ct. 1983).

## III.   AHFC is not liable to Plaintiff Under New Jersey's Consumer Fraud Act and therefore Counts VII of Plaintiff's Complaint should be Dismissed with Prejudice

### A.   There Is No Derivative Liability Under New Jersey's Consumer Fraud Act

While not specifically pleaded, it is assumed that Plaintiff is relying upon the Federal Trade Commission (FTC) Holder Rule as a basis for AHFC's alleged liability pursuant to New Jersey's Consumer Fraud Act (CFA).  However, in the context of New Jersey's CFA, the Holder

Rule is specifically trumped by the Federal Truth in Lending Act (the "TILA"). *See* 15 U.S.C.A. §§ 1601 *et. seq.*

The Truth in Lending Act ("TILA") was enacted to ensure certain disclosures be made in loan documents and authorizes consumers to sue for violations of the statute. *See* 15 U.S.C.A. § 1601(a). The purpose of the TILA is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him." *See* 15 U.S.C.A. § 1641(a).  The TILA was amended in 1980 amendment to restrict assignee liability to only those violations which are apparent on the face of the disclosure statement.  *See* 15 U.S.C.A. § 1601(a).  This restriction "erects a barrier to Congress's purpose to hold assignees responsible only for disclosure failures that can be observed on the face of the loan document." *See Psensky v. American Honda Finance Corp.*, 875 A.2d 290, 293 (N.J. Super. App. Div 2005). In *Psensky*, the Court ruled that "because plaintiff has not alleged any direct misconduct claims or other claims against American Honda that do not conflict with the purpose of the TILA assignee provision, we dismiss the allegations of plaintiff's complaint against American Honda." *Id.* at 297.

The Court in *Psensky* explained that there is no derivative liability under the Consumer Fraud Act, inasmuch as the Consumer Fraud Act (CFA) conflicts with the TILA, unless it can be shown that the assignee directly participated in the fraud. *Id.* at 296 The *Psensky* Court found that "a plaintiff would be entitled to maintain a cause of action under the Consumer Fraud Act...where the assignee's fraud was active and direct." *Id.*  The Court in *Jefferson Loan Co. v. Session* explained that, as in *Psensky*, if an assignee of a RISC could be found liable under the CFA for its own independent acts, a plaintiff would be entitled to maintain a cause of action under the CFA. *See* 938 A.2d 169, 180-81 (N.J. Super. App. Div. 2008).   That is, unless the

8

plaintiff can show acts separate from those of the assignor, there can be no cause of action under the CFA. The *Jefferson* Court concluded that an assignee of a retail installment contract could be liable under the CFA for activities related to acts of the assignee, namely its repossession of the subject vehicle. *Id.* In *Jefferson*, because the plaintiff was able to point to acts or omissions of the assignee itself, plaintiff could maintain a claim under the CFA. *Id.* In contrast however, in the present action, it is clear that AHFC did not engage in any independent acts or violation of the CFA; Plaintiff concedes. As such, Plaintiff cannot maintain a claim against AHFC pursuant to the CFA.

    **B.**    **Even if Plaintiff's claims based upon the holder rule are not pre-empted by the TILA, Plaintiff's claims based on the New Jersey Consumer Fraud Act (CFA) would be precluded for the failure to allege any direct acts by AHFC itself.**

Federal Rules of Civil Procedure apply a specific standard for pleadings involving claims of fraud. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. Pro. 9(b).

The requirement that fraud be pleaded with particularity is satisfied if plaintiff's complaint sets forth the time, place, and contents of the false representation, the identity of the party making the false representation, and the consequences of the false representation. *See In re Emery*, 170 B.R. 777, 783 (Bankr.E.D.N.Y. 1994); *see also Ouaknine v. MacFarlane*, 897 F.2d 75, 79 (2d Cir. 1990) ("to pass muster under Rule 9(b), the complaint must allege the time, place, speaker, and sometimes even the content of the alleged misrepresentation"). Rule 9(b) is designed to further three goals: (1) providing defendant fair notice of plaintiff's claim, to enable preparation of a good defense (2) protecting a defendant from harm to his reputation or goodwill; and (3) reducing the number of strike suits. *See Di Vittorio v. Equidyne Extractive Industries, Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987) (also holding that fraud allegations ought to specify the

time, place, speaker and content of the alleged misrepresentations). Further, Rule 9(b) pleadings cannot be based on information and belief, but may be so alleged as to facts peculiarly within the opposing party's knowledge, in which event the allegations must be accompanied by a statement of the facts upon which the relief is based. *Id.*

A claim pursuant to the Consumer Fraud Act ("CFA") is essentially a fraud claim; the rule requires that such claims be alleged with specificity. *Hoffman v. Hampshire Labs, Inc.*, 963 A.2d 849, 853 (N.J. Super. App. Div. 2009). Thus, Plaintiff's claims against AHFC, pursuant to the CFA, must be alleged with specificity.

Plaintiff has not only failed to show that the Retail Installment Contract was assigned to AHFC, but he also failed to allege AHFC committed fraud. First, in the Complaint, Plaintiff merely alleges that AHFC "is the holder in due course of the note and/or loan obligations created by Plaza's sale of the Vehicle to Plaintiff." *See* Compl., ¶ 53. Plaintiff provides no support for this allegation.

Assuming an assignment, it would have taken place after the negotiation and sale of the subject vehicle. In other words, after the events upon which Plaintiff bases his allegations of fraud. Because a claim under the CFA is essentially a fraud claim; the rule requires that such claims be alleged with specificity. *Hoffman*, 963 A.2d at 853. The CFA requires a plaintiff to prove three elements: "1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." *Bosland v. Warnock Dodge, Inc.*, 964 A.2d 741, 749 (N.J. 2009).

Further, the CFA can only apply to a party's own unconscionable acts in the subsequent performance of the assigned contract. *Jefferson Loan Co.*, 938 A.2d at 177 (*holding that an*

*assignee of a Retail Installment Contract (RISC) can be held liable under the CFA, for its own unconscionable commercial activities in the subsequent performance of the assigned contract.*) No "acts" of AHFC are pleaded. Instead only pleaded are allegations of misrepresentations and omissions made by co-defendant Plaza, prior to any involvement by AHFC in this matter. Because Plaintiff alleged no direct fraud claims against AHFC, he has failed to articulate any legal basis for relief under the New Jersey Consumer Fraud Act against AHFC and this count of Plaintiff's Complaint should be dismissed against AHFC.

**IV.    Plaintiff's Claims of Failure to Provide Notice of Repairs (New York General Business Law § 396-p) (Count VIII), Deceptive Consumer Practices (New York General Business Law § 349) (Count IX); False Advertising (New York General Business Law §350)(Count X); Fraud (Count XI) Should be Dismissed**

The purpose of the TILA is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him." *See* 15 U.S.C.A. § 1601(a). In 1980, following institution of the Holder Rule, the Truth in Lending Act was amended to specifically limit the liability of voluntary assignees to violations apparent on the face of the disclosure statement. *See* 15 U.S.C.A. § 1641. Understandably, the concern addressed by Congress was the chilling effect on lending if lenders have to defend the kind of allegations Plaintiff alleges here because of the Holder Rule. Since the Holder Rule is an agency regulation, it "cannot trump the TILA's [statutory] assignee liability mandates." *Ramadan v. Chase Manhattan Corp.*, 229 F.3d 194, 202-03 (3d Cir. 2000). An assignee is liable for a TILA violation "only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement." 15 U.S.C. § 1641(a); *Vincent v. The Money Store,* 736 F.3d 88, 107 (2d Cir.2013) (quoting *Taylor v. Quality Hyundai, Inc.,* 150 F.3d 689, 692 (7th Cir.1998)).

Pursuant to both section 302(9) of New York Personal Property Law and the Holder Rule, claims against vehicle financing companies for allegations of fraud and false advertising

allegedly committed by vehicle sellers have been permitted to proceed in New York. *See Diaz v. Paragon Motors of Woodside, Inc.*, 424 F.Supp.2d 519, 544 (E.D.N.Y. 2006) (holding that pursuant to the Holder Rule a car financer could be liable as an assignee for deceptive sales practices allegedly committed by the car dealership); *Ramirez v. National Co-op. Bank*, 938 N.Y.S.2d 280, 283 (2011) (holding that pursuant to the Holder Rule and section 302(9), a car financer could be liable as an assignee for fraud allegedly committed by the car dealership). *See also Pierre v. Planet Automotive, Inc.*, 193 F.Supp.3d 157, 175 (E.D.N.Y. 2016).

However, federal courts across the country that have considered whether liability extends to assignees, have reached differing results. *See, e.g., Alexiou v. Brad Benson Mitsubishi*, 127 F.Supp.2d 557, 564-65 (D.N.J. 2000) (holding that assignee could not be held liable for the alleged state law violations of the dealer); *Phillips v. Lithia Motors, Inc.*, 2006 WL 1113608, *16-18 (D.Or. April 27, 2006) (dismissed state law claims because it would be contrary to the TILA to hold the lender defendants liable for state consumer law and fraud claims by lender's co-defendants, holding instead that compliance with TILA is a defense to same); *Pilgrim v. Metro Chrysler Plymouth Subaru*, 2005 WL 61454, *1 (E.D.Pa. January 11, 2005) (granting summary judgment on TILA and non-TILA claims as to assignee whose alleged liability was only derivative); *Marshall v. Webb*, 2002 WL 1628448, *1 (N.D.Ill. March 11, 2002) (granted assignee's motion to dismiss, holding that an assignee can be liable under state law for TILA allegations only if the assignee participated in "active and direct" fraud before the assignment of the contract).

Inasmuch as Plaintiff, a non-resident of New York, has requested relief pursuant to several different State's laws, there are no allegations that AHFC breached or violated any term of the Retail Installment Contract or that there was any direct misconduct by AHFC, and there is

persuasive authority in support of dismissal of Plaintiff's Complaint, the fraud claims against AHFC should be dismissed.

**V.   Plaintiff's Alleged Damages Against AHFC Are Not Proper and the Complaint Should therefore be dismissed.**

Even if this Honorable Court finds that Plaintiff has sufficiently alleged a claim against AHFC, the damages pleaded by Plaintiff are not proper.   Plaintiff seeks damages including statutory, treble and/or punitive damages, damages for injuries suffered by Plaintiff, declaratory judgment, three times actual damages up to $10,000, injunctive relief, attorney's fees and costs against AHFC.   *See* Compl., generally. However, Courts have almost uniformly held that recovery by consumers pursuant to the Holder Rule cannot exceed the total amount of money paid by the consumer under the contract.   *Lafferty v. Wells Fargo Bank*, 213 Cal. App. 4th 545, 561 (2013), *as modified on denial of reh'g* (Feb. 27, 2013).   Plaintiff has set forth no allegation as to the payments made to AHFC. *See* Compl., generally.   Thus, Plaintiff has set forth no basis for the damages alleged against AHFC and the Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, the Complaint fails to state a plausible claim and/or set forth an appropriate statement of damages. AHFC respectfully requests that this Court enter the proposed order and dismiss Plaintiff's Complaint with prejudice based upon a failure to set forth a statement upon which relief can be granted.

Respectfully submitted:

**LAVIN, O'NEIL, CEDRONE & DISIPIO**

BY: _____
Leona C. McFadden
420 Lexington Avenue
Suite 335
New York, NY  10170
(212) 319-6898
(212) 319-6932 (facsimile)

*Attorneys for Defendant*
*American Honda Finance Corporation*

Dated:   November 7, 2017

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| BRANDON BUELOW, | : |
| *Plaintiff,* | :    CIVIL ACTION |
|  | : |
| v. | : |
|  | :    NO. 17-cv-4288 |
| PLAZA MOTORS OF BROOKLYN, INC. | : |
| D/B/A PLAZA HONDA and | : |
| AMERICAN HONDA FINANCE | : |
| CORPORATION, | : |
|  | : |
| *Defendant.* | : |

## ORDER GRANTING AMERICAN HONDA FINANCE CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

AND NOW this _____ day of _____, 2017, upon consideration of the Motion to Dismiss Plaintiff's Complaint filed by American Honda Finance Corporation, and having also considered Plaintiff's Response, it is ORDERED that Plaintiff's Complaint is dismissed with prejudice against American Honda Finance Corporation.

_____
                                  J.

Date:_____

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2017, I caused the foregoing **Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and Supporting Brief** to be served on the following counsel of record:

Daniel Schlanger, Esquire
Kakalec &Schlanger, LLP
85 Broad Street, 18th Floor
New York, NY 10004
Attorney for Plaintiff

Jed R. Schlacter, Esquire
Schlacter & Associates
450 Seventh Avenue, Suite 1308
New York, NY  10123
Attorney for Defendant, Plaza Motors of Brooklyn, Inc.

**LAVIN, O'NEIL, CEDRONE & DISIPIO**

BY: _____
Leona C. McFadden, Esquire
420 Lexington Avenue
Suite 335
New York, NY  10170
(212) 319-6898
(212) 319-6932 (facsimile)
*Attorneys for Defendant,*
*American Honda Finance Corporation*

Dated:   November 7, 2017